# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

| | |
|---|---|
| **SARA STALEY,** as the Wife, Next of Kin, ) <br> and Personal Representative of the ) <br> **ESTATE OF KENNETH STALEY** ) <br>     *Plaintiff,* ) <br> ) <br> **v.** ) <br> ) <br> **GRAINGER COUNTY, TENNESSEE** ) <br> **GRAINGER COUNTY SHERIFF** ) <br> **SHERIFF HARVILLE, in his Individual** ) <br> **and Official Capacity,** ) <br> **UNKOWN JAIL OFFICERS and** ) <br> **JAIL NURSING STAFF,** ) <br> **KENNETH MATHEWS, M.D., and** ) <br> **SOUTHERN HEALTH PARTNERS, Inc.** ) <br>     *Defendants.* ) | CASE NO.: _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Sara Staley, as the Wife of Decedent Kenneth "Buddy" Staley, Next of Kin, and Personal Representative of his Estate, by and through undersigned counsel and files this Complaint for damages bringing claims under 42 U.S.C. §§ 1983, 1988, the Constitution of the United States, and gross negligence under state law.

## PARTIES

**PLAINTIFF**

1. At all times material hereto, Plaintiff's decedent Kenneth "Buddy" Staley was an inmate at the Grainger County Detention Center / Jail. Buddy was a resident of Grainger County. As alleged herein, Buddy died on August 4, 2019, after he was denied much-needed medical care while in the custody of Defendants Grainger County and Southern Health Partners, Inc.

## DEFENDANTS

2. At all times material hereto, Grainger County was a political governmental entity in Tennessee and the owner of the Grainger County Jail located at 270 Justice Center Drive, Rutledge, Tennessee 37861. The injury to the Plaintiff's decedent, Buddy Staley, complained of occurred at the Grainger County Jail. Grainger County is legally responsible for its own acts and failures to act, and at all times material hereto, Grainger County officials acted under color of law.

3. Defendant Grainger County is civilly liable for any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the Sheriff acting under color of law. *See* T.C.A. § 8-8-302. Under this provision, "deputy" includes a jailer appointed by the Sheriff pursuant to T.C.A. § 41-4-101 and T.C.A. § 8-8-301. Grainger County is required to provide to the County Jail sufficient medical personnel as needed to provide timely and appropriate medical services to the persons confined who require such services at the sole expense of the County. T.C.A. § 41-4-115. The County also had a constitutional duty to provide timely and adequate medical care and treatment to inmates suffering from known serious medical conditions. The County is legally liable for the non-negligent acts or failures to act of County deputies / Jailers under T.C.A. § 8-8-302, including instances of *gross* negligence. Grainger County has waived its immunity pursuant to T.C.A. § 8-8-302 and § 29-20-205.

4. On information and belief, to discharge its statutory and constitutional obligations regarding medical care, Grainger County contracted with a third-party medical provider, Southern Health Partners, Inc ("SHP"). Medical services were provided by nursing staff employed by the County and a supervising physician employed by SHP. SHP is a Tennessee corporation, formed in Delaware and doing business in Grainger County, with its principal office in 2030 Hamilton Place Blvd, Suite 140, Chattanooga, TN, 37421. SHP was performing traditional governmental

services constitutionally required to be performed by Grainger County, making it liable under 42 U.S.C. § 1983 for violations of Buddy Staley's constitutional rights under color of law.

5. At all times material hereto, Defendant James Harville was the duly elected Sheriff of Grainger County who was statutorily responsible for the day-to-day operation of the Grainger County Jail; for the hiring, firing, training and supervision of deputies to man the Jail; and for the safety of persons housed therein against their will. T.C.A. § 41-4-101. At all times material hereto, Sheriff Harville acted under color of law. He is charged with keeping inmates personally, or by the use of deputies or jailers until the inmate is lawfully discharged. T.C.A. §§ 8-8-201(a)(3), 41-4-101. Sherriff Harville is civilly responsible to Plaintiff for the acts and failure to act of his Jailers. In addition, Sheriff Harville is civilly liable for the actions of his Jailers/officers performing the tasks and duties he was statutorily responsible for performing. *See* T.C.A. § 41-4-101. Further, as alleged herein, Harville had a *personal* role in the denial of medical care to Buddy Staley, as he was aware Buddy was in distress yet did nothing to ensure Buddy received emergent care.

6. At all times material hereto, Defendant Kenneth Mathews, M.D., was the Medical Director / physician responsible for overseeing medical care of all inmates at the Grainger County Jail. Dr. Mathews is alleged to have unreasonably delayed in evaluating, treating, and/or referring Buddy Staley for emergent care despite his presenting serious medical symptoms such as altered mental status. On information and belief, Dr. Mathews was an employee / contractor of Defendant Southern Health Partners, Inc., acting pursuant to SHP's contract with Grainger County.

7. The Defendant Jail Officers and Nurses, whose identities are unknown to Plaintiff but obtainable through discovery[1] and are known to the Sherriff and the County, consist of officers and nursing staff employed at the Jail who knew that Buddy Staley was presenting with serious

---

[1] Plaintiff sent a Public Records Request to Grainger County on June 5, 2020, but has not received a response, in violation of the deadlines set forth in the Tennessee Open Records Act, T.C.A. § 10-7-503(b).

medical issues, including altered mental status, and yet failed to refer him for emergent care. On information and belief, the Jail Nurses were Licensed Practical Nurses (LPNs) responsible for the day-to-day medical care of inmates at the County Jail and were supervised by Dr. Mathews.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over these claims brought under the Constitution of the United States pursuant to 42 U.S.C § 1983 by virtue of 28 U.S.C. §§ 1331 and 1343, and pendent claims under Tennessee common law pursuant to 28 U.S.C. § 1367.

9. Venue lies in the United States District Court for the Eastern District of Tennessee, Northern Division, at Knoxville, because the constitutional violations and injury to the Plaintiff's decedent occurred in Grainger County, Tennessee. 28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

10. Plaintiff's decedent, Buddy Staley, was a resident of Grainger County, Tennessee. In July/August of 2019, Buddy was an inmate at the Grainger County Jail serving his sentence. At the time, Buddy had been incarcerated approximately 2.5 years and was due to be released. He was a "trusty" at the Jail and was known to be responsible and amicable. On information and belief, Jail officials were known to say, "this place couldn't run without Buddy." Although Buddy was on disability and had serious medical issues, Jail officials had him working 8-18 hours a day. Buddy was supposed to have been released earlier in the year, however, for some reason he was not; at the time of his death, Buddy was in talks with his attorney regarding the extra time.

12. On July 30, 2019, Buddy spoke with his parents and seemed in good health and spirits. On July 31, Buddy's father went to visit him, but was told Buddy was too sick to be seen.

13. On information and belief, on or about July 30, 2019, Buddy had suddenly become extremely ill. Specifically, he became feverish, achy, weak and very disoriented, talking "out of

his head." Several of his fellow inmates spoke with Jail officers and nursing staff asking that Buddy be checked on. These requests were ignored, despite the fact that Buddy was so sick he was unable to get up and use the toilet on his own. Sheriff Harville told Buddy's cellmates that Buddy would be "fine," he was just "pill sick." On information and belief, Buddy lay on his cot in his cell for the next three days without being evaluated by Jail medical staff or referred for emergent care.

14. On August 3, 2019, Buddy was finally taken to Jefferson Memorial Hospital. He was later transferred to Tennova North Knoxville Medical Center for specialized care when his condition worsened. Buddy "coded" three times on the way to Knoxville Medical Center. Buddy was diagnosed as being in septic shock, with a septic pulmonary embolism and pneumonia. When Plaintiff (Buddy's wife) arrived at the hospital on the morning of August 4, 2019, Buddy had been declared brain dead. He passed away at 7:45 A.M. on August 4, 2019. Buddy was 54 years old.

15. The decedent, Buddy Staley's damages consist of pain and suffering and the loss of his life. Plaintiff has also suffered in the form of the loss of the love and support of her husband. Plaintiff is entitled to reasonable attorneys' fees and costs.

16. **The County's Policies / Deliberate Indifference**. On information and belief, the Grainger County Jail officials and medical professionals responsible for Buddy Staley's care acted with deliberate indifference to his constitutional rights and in accordance with an unofficial policy or custom of providing delayed or inadequate medical care to inmates at the Jail. The most obvious evidence of such a policy or custom is Jail officials' willful actions in ignoring—for three days—Mr. Staley's weakened state and altered mental status. In addition, the County has been the subject of numerous complaints and lawsuits alleging delayed / inadequate medical care. For example:

- *Helms v. Grainger County, et al.*, No. 3:17-cv-00037 (E.D. Tenn.) (alleging Dr. Mathews and other jail medical professionals denied prenatal care and ignored her complaints and failed to refer her for emergent care when she suffered a miscarriage at five months).

- *Robinson-Thomas v. Grainger County, et al.*, No. 3:15-cv-00370 (E.D. Tenn.) (alleging in part that the plaintiff presented with acute chest pain and numbness in one leg but was not referred for emergent care, even after an irregular EKG a week later).

17. On information and belief, Sheriff Harville and the unknown Jail Officers and Jail Nurses, were aware of Buddy Staley's declining health and altered mental status, and yet failed to refer him for immediate evaluation by Dr. Mathews or transport him immediately to the E.R. for emergent care. Assuming Dr. Mathews was informed of Buddy's worsening condition, Mathews likewise unreasonably delayed in evaluating Buddy or instructing that he be taken to the hospital.

18. On information and belief, Sheriff Harville and Grainger County enacted certain policies and procedures which prioritized cost-cutting measures over quality and breadth of inmate medical care. Most notably, the County contracted with SHP, a Chattanooga-based, for-profit jail healthcare company with a policy, custom, and/or practice of hiring "absentee" or remote-based Medical Directors who are often employed as the Medical Director of numerous jails, all the while maintaining separate / busy private practices. SHP's employee / contractor, Dr. Kenneth Mathews was engaged to serve as the "Medical Director" at the Grainger County Jail, despite the County knowing that Dr. Mathews would be a largely-absentee provider in light of his obligations as the Medical Director at other jails throughout Tennessee. On information and belief, Dr. Mathews only infrequently visited the Jail to evaluate his patients. Grainger County knew that Dr. Mathews could not oversee the provision of medical care with the attention required to secure the inmates rights and prevent unreasonable delays in evaluating and treating these inmates.

19. On information and belief, Dr. Kenneth Mathews provided medical services at the Jail pursuant to SHP's contract with the County. Dr. Mathews has been named a Defendant (often alongside Southern Health Partners) in many lawsuits alleging constitutionally inadequate care at the other corrections facilities where Dr. Mathews provides services, for example:

- *Duffer v. Sumner County, et al.* No. 3:15-cv-0850 (M.D. Tenn.) (alleging plaintiff was seen by Dr. Mathews over a month after he first reported he was vomiting blood; the plaintiff was later hospitalized and diagnosed with acute myeloid leukemia and renal failure).

- *Smith v. Southern Health Partners, et al.*, No. 3:18-cv-0462 (M.D. Tenn.) (alleging the plaintiff's complaints of pain stemming from a dislocated shoulder were ignored by Dr. Mathews and nursing staff for eleven months).

- *Salada v. Putnam County*, No. 2:16-cv-00032 (M.D. Tenn.) (alleging denial of medical care for plaintiff's diabetes, chest pains, vision problems, and genital warts).

- *Hughes v. SHP, et. al.*, No. 2:14-CV-140 (E.D. Tenn.) (alleging Dr. Mathews reviewed X-rays showing metal fragments in plaintiff's right leg and knee but informed him that the County "would never approve any surgery or costly medical help").

On information and belief, Sheriff Harville and the County were aware of the many complaints against Dr. Mathews / SHP and yet continued to retain Mathews as the Jail's Medical Director, in deliberate indifference to the rights of inmates such as Buddy Staley.

## **CAUSES OF ACTION**

### **COUNT I**
### **DENIAL OF MEDICAL CARE — 42 U.S.C. § 1983**
*Against Sheriff Harville, Dr. Mathews and the Unknown Jail Officials / Nurses*

20. Plaintiff re-alleges paragraphs 1-19, inclusive.

21. Plaintiff's decedent Buddy Staley had a constitutional right under the Eighth and Fourteenth Amendments to be provided access to adequate medical care for injuries and medical conditions that were obvious and serious enough to require the attention of medical personnel. This right was well-established at the time and was further known to these Defendants.

22. On information and belief, Buddy Staley's cellmates notified Sheriff Harville and the Unknown Jail Officials / Nurses that Buddy was extremely weak, ill and presenting with altered mental status. Yet, Defendants Harville and the unknown officers/nurses did nothing to refer him for emergent care. On information and belief, Dr. Mathews was informed of Buddy's deteriorating health but unreasonably delayed in evaluating him or likewise referring him for emergent care.

23. As evidenced by their failure to act over the course of three days as Buddy lay, feverish and delirious, in his cell, Defendants acted in deliberate indifference to the substantial risk of serious and permanent injuries, including death, of Plaintiff's decedent.

24. These constitutional violations were the direct and proximate cause of Plaintiff's decedent's and Plaintiff's injuries and damages. Buddy Staley suffered and died, and Plaintiff lost the love and support of her husband.

**WHEREFORE**, the Plaintiff demands judgment against Defendants Sheriff Harville, Dr. Mathews, and the Unknown Jail Officers / Nurses in their individual and their official capacities, in the amount of Five Million Dollars ($5,000,000), costs of this action, pre-judgment and post-judgment interest, and reasonable attorney's fees.

## COUNT II
## UNLAWFUL POLICY/CUSTOM — § 1983 *MONELL* LIABILITY
*Against Sheriff Harville, Grainger County and Southern Health Partners, Inc.*

25. Plaintiff re-alleges paragraphs 1-24, inclusive

26. Plaintiff's decedent Buddy Staley had a constitutional right under the Eighth and Fourteenth Amendments to be provided access to adequate medical care for injuries and medical conditions that were obvious and serious enough to require the attention of medical personnel. This right was well-established at the time and was further known to these Defendants.

27. Grainger County, through Sheriff Harville and other County officials, was on notice that Dr. Mathews and/or SHP provided constitutionally inadequate medical care to inmates and yet continued to retain Dr. Mathews as the Jail's Medical Director. The County, through Sheriff Harville and other County officials, employed an unofficial policy and/or custom of prioritizing cost-cutting measures at the expense of quality of care. One such policy was that medical staff and Jailers at the Grainger County Jail were expected to refer inmates for emergent care, **only as an**

**absolute last resort** rather than a necessary step when an inmate presented with serious medical needs that the Jail was ill-equipped to address. As a result, inmates such as Buddy Staley received emergent care when it was too late—*i.e.*, when their condition had deteriorated to the point that grievous and permanent injuries and/or death became much more likely.

28. Southern Health Partners was on notice that Dr. Mathews provided constitutionally inadequate care, especially given SHP's clear policy of stretching medical providers "too thin" by engaging them to provide services at as many as a dozen correctional facilities. Nonetheless, SHP continued to promote Dr. Mathew's services to municipalities such as Grainger County to provide medical services to inmates in the County's custody.

29. Defendants knew that these policies and/or practices posed a substantial risk of serious injuries to inmates at the Grainger County Jail, yet they failed to act to prevent these abuses and protect the rights of the inmates in their care. Accordingly, Defendants acted with deliberate indifference to Buddy Staley's constitutional rights.

**WHEREFORE**, Plaintiff demands judgment against Sheriff Harville, Grainger County and Southern Health Partners, Inc., in the amount of five Million Dollars ($5,000,000), costs of this action, pre-judgment and post-judgment interest, and reasonable attorney's fees.

**COUNT III**
**GROSS NEGLIGENCE — TENNESEE COMMON LAW**
*Against Sheriff Harville and Grainger County, Tennessee*

30. Plaintiff re-alleges paragraphs 1-29, inclusive.

31. As alleged above, Sheriff Harville and the County had the statutory, constitutional, and common law duty to provide adequate and timely medical care to the inmates in the County's custody. These Defendants breached that duty by enacting policies that created a substantial and unreasonable risk that Jail inmates would be denied medical care—to wit, employing a largely

absentee "Medical Director" who was unable to devote the time and effort at the Jail to ensure the adequate supervision of Jail nursing staff and monitor inmates' serious medical conditions, and a policy encouraging Jail medical staff to refer inmates for emergent care only as an absolute last resort rather than a necessary step when an inmate presents with serious issues. In addition, Sheriff Harville was *personally* aware of Buddy Staley's deteriorating medical condition and yet failed to ensure that he be referred for emergent medical care.

32. These Defendants acted with a conscious or reckless disregard to the foreseeable and substantial risk that inmates at the Grainger County Jail, like Buddy, would suffer grievous injuries and/or death from the denial of medical care.

33. These *de facto* customs implemented at the Jail, and the Sheriff's knowing failure to ensure Buddy Staley was transported to the hospital, were directly responsible for the further deterioration of Buddy's medical condition and his resulting pain and suffering and death.

**WHEREFORE** Plaintiff demands Judgment against Sheriff Harville and Grainger County in the amount of three million dollars and no cents ($3,000,000), costs of this action, pre-judgment and post-judgment interest, and reasonable attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury pursuant to his Constitutional right to a trial by jury.

**RESPECTFULLY SUBMITTED**, this the **4th** day of **August**, **2020**.

**BOWLIN │ STEPHENS PLLC**

By: _____ *for The Firm*
Troy L. Bowlin, II No. 025893
*Attorney for Plaintiff*
800 South Gay St. Suite 2131
Knoxville, Tennessee 37929
Telephone: 865.245.2011