| | |
|---|---|
| SARA STALEY as the Wife, Next of Kin, And Personal Representative of the ESTATE OF KENNETH STALEY,<br><br>Plaintiff,<br><br>v.<br><br>GRAINGER COUNTY, TENNESSEE GRAINGER COUNTY SHERIFF SHERIFF HARVILLE, in his Individual And Official Capacity, UNKNOWN JAIL OFFICERS and JAIL NURSING STAFF, KENNETH MATHEWS, M.D., and SOUTHERN HEALTH PARTNERS, INC.,<br><br>Defendants. | Case No.: 2:20 cv 170 |

# ANSWER

COME NOW the Defendants Grainger County, Tennessee, Sheriff James Harville in his individual and official capacity, and in response to Complaint herein filed against them would say to the Court as follows:

## PARTIES

1. The first statement in Paragraph 1 of Plaintiff's Complaint is admitted. The allegations in the remaining part of Paragraph 1 of Plaintiff's Complaint are denied.

2. The allegations in Paragraph 2 of Plaintiff's Complaint regarding Grainger County as a governmental entity is admitted. These Defendants deny the remaining allegations including that any injury occurred to the Plaintiff at the Grainger County Jail.

3. The allegations in Paragraph 3 of Plaintiff's Complaint are denied as to liability.

4. These Defendants would admit that Grainger County contracted with Southern Health Partners, Inc. to provide medical services for the inmate. The Defendants admit that Southern Health Partners does business in Grainger County.

5. These Defendants admit that Defendant Harville is the sheriff of Grainger County responsible for the operation of the Grainger County Jail. The remaining allegations in Paragraph 5 of Plaintiff's Complaint are denied. The Defendants particularly deny that Sheriff Harville had a personal role in denying medical care to Staley.

6. The allegations in Paragraph 6 of Plaintiff's Complaint regarding Dr. Matthews as the medical director is admitted. The remaining allegations in Paragraph 6 of Plaintiff's Complaint are denied.

7. These Defendants are unable to respond to the allegations in Paragraph 7 as written, but would deny that any employee of Grainger County failed to refer Mr. Staley for medical care.

**JURISDICTION AND VENUE**

8. These Defendants admit that this Court would have jurisdiction over any viable claim which they deny, and would assert that this Court should decline to exercise its supplemental jurisdiction over any alleged state law claim.

9. These Defendants would admit that venue would be proper in this Court if there were a viable claim by Plaintiff, which this Defendant denies.

**STATEMENT OF FACTS**

10. These Defendants admit the Plaintiff was a resident of Grainger County, Tennessee. The Defendants admit deceased was a trustee at the jail. The Defendants would

assert that Mr. Staley worked as many hours per day as he wanted and had not been released because TDOC had not sent the release letter.

11. [There is no Paragraph 11 to Plaintiff's Complaint.]

12. These Defendants do not have information sufficient to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint and strict proof is demanded thereof.

13. The allegations in Paragraph 13 of Plaintiff's Complaint are denied. The allegations regarding Sheriff Harville are denied in that the sheriff was out of town during this period of time.

14. These Defendants admit that decedent was taken to Jefferson Memorial Hospital and transferred to Tennova North Medical Center. These Defendants do not have information sufficient to admit or deny the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. The statements in Paragraph 15 of the Plaintiff's Complaint are an explanation of the Plaintiff's claim for damages, which are denied.

16. The allegations in Paragraph 16 of Plaintiff's Complaint are denied and strict proof is demanded thereof. Further, these Defendants would assert that cases cited by the Plaintiff were dismissed.

17. The allegations in Paragraph 17 of Plaintiff's Complaint are denied and strict proof is demanded thereof.

18. The allegations in Paragraph 18 of Plaintiff's Complaint are denied and strict proof is demanded thereof.

19. The allegations in Paragraph 19 of Plaintiff's Complaint are not directed to this Defendant; therefore, no response is required, nor one given, other than to say the County was not deliberately indifferent to the rights of any inmate.

## CAUSES OF ACTION

### COUNT I
### DENIAL OF MEDICAL CARE – 42 U.S.C. § 1983

20. These Defendants incorporate their responses to Paragraphs 1 through 19 of Plaintiff's Complaint as if repeated verbatim herein.

21. These Defendants would assert that Mr. Staley was provided adequate medical care while incarcerated at the Grainger County Jail.

22. The allegations in Paragraph 22 of the Plaintiff's Complaint are denied.

23. The allegations in Paragraph 23 of Plaintiff's Complaint are denied.

24. The allegations in Paragraph 24 of the Plaintiff's Complaint are denied.

These Defendants deny that Plaintiff is entitled to any judgment against Harville and any other of the remaining Defendants as alleged.

### COUNT II
### UNLAWFUL POLICY CUSTOM - § 1983 *MONELL* LIABILITY

25. These Defendants incorporate their responses to Paragraph 1 through 24 of Plaintiff's Complaint as if repeated verbatim herein.

26. These Defendants would assert that Decedent Staley received adequate medical care for any medical conditions while an inmate in Grainger County Jail.

27. The allegations in Paragraph 27 of Plaintiff's Complaint are denied.

28. The allegations in Paragraph 28 of Plaintiff's Complaint are not directed toward this Defendant; therefore, no response is required, nor one given, other than to say that Plaintiff received adequate medical services.

29. The allegations in Paragraph 29 of Plaintiff's Complaint are denied.

These Defendants deny that Plaintiff is entitled to that for which she demands against Harville and Grainger County.

## COUNT III
## GROSS NEGLIGENCE - TENNESSEE COMMON LAW

30. These Defendants incorporate their responses to Paragraphs 1 through 29 of Plaintiff's Complaint as if repeated verbatim herein.

31. The allegations in Paragraph 31 of Plaintiff's Complaint are denied. Further, these Defendants deny Sheriff Harville was aware of Staley's condition, as he was out of town during this period of time.

32. The allegations in Paragraph 32 of Plaintiff's Complaint are denied.

33. The allegations in Paragraph 33 of Plaintiff's Complaint are denied.

These Defendants deny that Plaintiff is entitled to that for which she demands in her request against Harville and Grainger County.

## DEMAND FOR JURY TRIAL

These Defendants would assert that the Plaintiff is not entitled to a jury trial against a governmental entity, but would agree to allow a jury to try those issues of which it can.

## AFFIRMATIVE DEFENSES

34. These Defendants rely upon the defense of Statute of Limitations as to this claim.

35. These Defendants would assert that Kenneth Staley was never denied medical treatment and therefore the claim should be dismissed.

36. These Defendants affirmatively assert that the Complaint does not state a claim upon which relief can be granted as to the Defendants and as such must be dismissed pursuant to Rule 12(b)(1) and Rule 12(b)(6).

37. These Defendants would aver that the Plaintiff has failed to show any action taken by these Defendants that would entitle her to recover under 42 U.S.C. § 1983.

38. At all times material, these Defendants acted in good faith within the mandates of both federal and state laws.

39. Any allegation in Plaintiff's Complaint which accuse these Defendants of any statutory violation or other acts are specifically denied.

40. These Defendants would assert that they have complied with the requirements of the State of Tennessee and the federal government with regard to the Plaintiff's constitutional rights.

41. These Defendants assert and rely upon all applicable defenses and immunities including, but not limited to, those enumerated in the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 et seq., the United States Constitution, the statutes of the United States including, but not limited to, 42 USC § 1983.

42. These Defendants deny that the Plaintiff's decedent Kenneth Staley suffered any injuries or damages as a proximate result of any negligent act or omission on their part.

43. These Defendants would assert that the Plaintiff has not shown that these Defendants committed any violation of the deceased's constitutional rights or alleged any act that rises to the level of a federal question.

44. These Defendants would assert that the Plaintiff's allegations against Grainger County appear to be under the doctrine of *respondeat superior* which is inapplicable in cases of alleged governmental liability and as such Grainger County must be dismissed from this claim.

45. These Defendants would deny that they, at any time relevant, in any way, exhibited deliberate indifference to Plaintiff's decedent Kenneth Staley's medical needs.

46. These Defendants would show that any acts or omissions taken relevant to the Plaintiff in this cause of action by the Defendants were done in their official capacity and as such they are entitled to common law governmental immunity as well as qualified immunity and rely upon any and all defenses and immunities contained in the Governmental Tort Liability Act pursuant to T.C.A. § 29-21-101 et seq.

47. These Defendants would further aver that the acts complained of by the Plaintiff occurred within the scope of the Defendants official duties and these Defendants are absolutely immune or have qualified immunity for the performance of said acts in such capacity.

48. The Defendant Grainger County specifically relies upon the provisions of the Governmental Tort Liability Act as they apply to discretionary functions.

49. The Defendant Grainger County relies upon the limits of liability set forth in the Governmental Tort Liability Act.

50. These Defendants would assert that the Plaintiff has sued Sheriff Harville in his individual capacity as Sheriff in error and would assert that any acts or omissions taken relevant to the Plaintiff's cause of action by Sheriff Harville, if any, were done in his official capacity and, as such, he is entitled to common law and governmental immunity as well as qualified immunity and relies upon any and all defenses and immunities contained in the Governmental Tort Liability Act pursuant to T.C.A. § 29-20-101 et seq. These Defendants would further assert that the allegations of liability against the Sheriff in this cause is without foundation in law pursuant to T.C.A. § 8-8-301. The Plaintiff has failed to state any personal acts or failure to act on the part of the Defendant Harville and Defendant Harville moves for dismissal.

51. These Defendants would aver that the Defendants acted reasonably and appropriately under the conditions existing at that time.

52. Any and all allegations of Plaintiff's statement of her claim not heretofore admitted, denied or explained are hereby denied.

53. These Defendants deny that the Plaintiff has suffered any damage as a proximate result of any actions taken or not taken by these Defendants.

54. These Defendants respectfully reserve the right to plead further according to the Federal Rules of Civil Procedure and allege any other affirmative defenses that may be available to them as discovery takes place.

WHEREFORE, now having fully answered the Plaintiff's Complaint, these Defendants request the Court dismiss this claim with the costs taxed to the Plaintiff or in the alternative a jury to try those issues which it is permitted.

Respectfully submitted by:

SPICER RUDSTROM, PLLC

/s/ Rhonda L. Bradshaw
Rhonda L. Bradshaw - 014082
*Attorney for Defendants Grainger County and Sheriff James Harville*
800 S. Gay Street, Suite 1400
Knoxville, TN 37929
rbradshaw@spicerfirm.com
Phone: (865) 673-8516
Fax: (865) 673-8972

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 24th, 2020, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

               /s/ Rhonda L. Bradshaw
               Rhonda L. Bradshaw

I:\89664\Pleadings\Answer.doc